PEOPLE OF PORTO RICO, Plaintiff and Appellee, *v.* GERMÁN MORENO, Defendant and Appellant.

No. 2766. Argued November 2, 1926.—Decided November 18, 1926.

*Joaquín Vendrell* for the appellant. *José E. Figueras* for the appellee.

MR. JUSTICE ALDREY delivered the opinion of the court.

The basis of this appeal is that the court below erred in weighing the evidence, as it does not prove the guilt of the defendant.

The charge was that the defendant, while driving an automobile, wilfully and maliciously brought about an accident or collision with another automobile on one of the public roads of the Island, with the result that said car was wrecked and its passengers wounded, and that the defendant did not stop to give his name and the number of his license to the

injured persons, or to give them aid, or to report the accident at the nearest police station.

The district attorney introduced at the trial the testimony of three witnesses. One of them, Miguel Burset, testified that at about 1:30 P. M. on the day of the accident he was traveling in a car driven by Miguel A. Landrón at a speed of 35 miles an hour from Vega Baja toward San Juan to attend the horse-races; that near the former town and on a straight piece of road they overtook another car driven by the defendant who when signaled for the right of way bore to the right, but that when their car was about to pass the other the defendant barred the road with the result that their car went into the ditch and overturned. He was unable to explain what parts of the cars came in contact, but testified that the defendant went on in his car without stopping. He was not sure that the defendant was aware of the accident and said that the impact was not violent, albeit the defendant wilfully forced them into the ditch. The vehicles did not collide but rasped each other. Rogelio Alvarez made the same statement and testified that when they were about to pass the defendant's car he barred the way. Miguel A. Landrón, the driver of the overturned car, said that he signaled for the right of way and when it was given him he put on speed and sounded the horn when the defendant crowded him out and forced him to take to one side and go into the ditch; that if the defendant had kept to his right nothing would have happened; that there was no obstacle on the road to force him to the left, and that if the witness had not gone to one side the two cars would have collided because he was a few inches from the other car when the way was barred.

The evidence of the defendant shows that when his car was stopped at Bayamón it showed no marks of having been struck, and defendant and a passenger testified that they had

had no collision and were informed of the accident by the police at Bayamón.

The evidence shows that Landrón's car was not overturned by a collision with the defendant's car, a fact that has not been disputed by any of the witnesses for the prosecution, but as a consequence of the defendant's having barred the way after having swerved to the right so as to let the other car pass, thus forcing the other to bear to the left quickly with the consequent overturning and injury to the passengers. This action must be considered to have been done purposely unless otherwise shown.

It is true that the overturned car was traveling at such speed that legally it is *prima facie* evidence of having been driven without due care (Act No. 75, 1916, sec. 13, par. a), but we think notwithstanding this speed the overturning of the car was caused by the action of the appellant in barring the way to the car which caused it to go to the left to avoid a collision and resulting in the overturning.

The judgment appealed from must be affirmed.

Mr. Justice Hutchison took no part in the decision of this case.